09-5079-ag
Gjoni v. Holder

BIA
Nelson, IJ
A099 592 066
A099 592 067

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand ten.

PRESENT:
            ROGER J. MINER,
            JOSEPH M. McLAUGHLIN,
            JOSÉ A. CABRANES,
                  *Circuit Judges.*

─────────────────────────────────────────

FRANC GJONI, ALME GJONI
            *Petitioners,*

      v.                                    09-5079-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

─────────────────────────────────────────

FOR PETITIONERS:        Andrew P. Johnson, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Franc Gjoni and Alme Gjoni,[1] natives and citizens of Albania, seek review of a November 12, 2009 order of the BIA affirming the February 1, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjoni*, Nos. A099 592 066/067 (B.I.A. Nov. 12, 2009), *aff'g* Nos. A099 592 066/067 (Immig. Ct. N.Y. City Feb. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

---

[1] This order refers solely to Franc Gjoni, as his wife Alme was listed as a derivative applicant in his application.

*Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

The regulations require IJs to exercise the Attorney General's discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear of persecution.  8 C.F.R. § 1208.13(b)(1).  The agency must provide a reasoned basis for a finding that changed country conditions rebut the presumption of a well-founded fear of persecution where the petitioner suffered past persecution.  *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007).  In other words, "[a] showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution, which is overcome only if a preponderance of the evidence establishes that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded."  *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir. 2003).

In this case, there has been an "indisputable historical event" in Albania, Gjoni's country of

3

nationality.  Namely, the Socialist Party that persecuted Gjoni is no longer in power and has not been since July 2005.  *See Hoxhallari v. Gonzales*, 468 F.3d 179, 187-88 (2d Cir. 2006) (per curiam).  Furthermore, the agency relied on both changed country circumstances and specific findings based on record evidence in determining that Gjoni did not have a well-founded fear of persecution.  There is no evidence that the new Albanian government is unable or unwilling to protect Gjoni from the individuals who may still wish to harm him.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

Additionally, it is not improper for the agency to consider an applicant's claim of a well-founded fear of persecution diminished where, as here, similarly-situated family members remain in his or her native country unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Accordingly, substantial evidence supports the agency's finding that there has been a fundamental change in circumstances in Albania, rebutting the presumption of a well-founded fear of future persecution, and, moreover, that Gjoni does not have an objectively reasonable fear of future persecution, distinct from his past persecution.

Because Gjoni was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Furthermore, given the change in country conditions, Gjoni has not demonstrated that he would be tortured, with the government's consent or acquiescence, in Albania. *See* 8 C.F.R. § 1208.17.

Although in certain circumstances, an IJ may grant asylum to an applicant who has established past persecution, but not a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(1)(iii); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006), this so-called "humanitarian asylum" has been reserved for applicants who have suffered "atrocious forms of persecution" or who may suffer "other serious harm upon their return." *See* 8 C.F.R. § 1208.13(b)(1)(iii)*; Matter of Chen,* 20 I. & N. Dec. 16, 19 (B.I.A. 1989). We have found that to merit a grant of humanitarian asylum on the basis of severe past persecution, an applicant must demonstrate "long-lasting physical or mental effects of his persecution." *Omaro Jalloh v.*

*Gonzales,* 498 F.3d 148, 152 (2d Cir. 2007). In this case, the IJ reasonably concluded that while Gjoni's past persecution, including his arrests, detentions, and beatings while detained which led to his hospitalization upon release, was unfortunate, it was not so severe that he merited a discretionary grant of humanitarian asylum, considering the substantial changes in Albania. *See Hoxhallari*, 468 F.3d at 184-85.

Gjoni does suffer from depression and post-traumatic stress disorder; however, the IJ and the BIA did not err when finding that these conditions alone were not enough to merit the grant of humanitarian asylum. Moreover, there was no medical evidence to demonstrate a causal connection between Gjoni's past persecution and seizure disorder. *See Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989). The IJ did not abuse her discretion in denying humanitarian asylum. *See* 8 U.S.C. § 1252(b)(4)(D); *Hoxhallari,* 468 F.3d at 184*; Wu Zheng Huang,* 436 F.3d at 96.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

6

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk